UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-6580 DSF (FFMx) | Date | 8/19/11 |
| Title | George Freisthler v. Depuy Orthopaedics, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order to Show Cause re Defendant Depuy Orthopaedics, Inc.'s Notice of Removal

   On August 10, 2011, Depuy Orthopaedics, Inc. removed this action under 28 U.S.C. Section 1332. However, the Court notes the following potential procedural defects. First, Defendant Thomas Schmalzried, M.D. has not joined the notice of removal, even though "[a]ll defendants who have been properly served in the action must join a petition for removal." Destifino v. Reiswig, 630 F.3d 952, 956 (9th Cir. 2011) (internal quotation marks and ellipsis omitted). Second, it appears that Schmalzried is a California citizen, which would mean this action should be remanded under the local defendant exception. See 28 U.S.C. § 1441(b).

   Depuy appears to argue that these requirements do not apply because Schmalzried was fraudulently joined. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants when no viable cause of action has been stated against them, or when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

   Depuy assumes Ohio law will apply even though it acknowledges Plaintiff has not alleged where his alleged injury occurred. (Notice of Removal at 4 n.1.) It also argues that the negligence claim against Schmalzried cannot possibly be valid under Ohio law, but its sole support for the argument are two federal district court decisions – one from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

the Northern District of Georgia and the other from the Southern District of Texas – that do not apply, or even mention, Ohio law.  (Id. at 5-6.)  More is needed to show it is obvious under the law that governs this action that Plaintiff cannot make out a cause of action against Schmalzried.  For this reason, the Court orders Defendant to provide additional briefing – not to exceed 5 pages – in support of its argument that Schmalzried has been fraudulently joined by August 29, 2011.

Plaintiff may file a notice seeking remand for procedural defects within the statutory time.

IT IS SO ORDERED.